IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEMO PARKER,<br><br>           Plaintiff,<br><br>     v.<br><br>ROBERT NISHIYAMA, PETER HOYLE, JOHN WILLIAMS, JOHN GAINES, CITY OF UKIAH and UKIAH POLICE DEPARTMENT,<br><br>           Defendant. | No. CV 08-4750 CRB<br><br>**ORDER DISMISSING FIRST THREE CLAIMS WITH PREJUDICE** |

This case stems from an ongoing investigation of Plaintiff Memo Parker's alleged marijuana farm in Mendocino County. Parker alleges that Defendants Special Agent Robert Nishiyama and Officer Peter Hoyle conducted an illegal interrogation in violation of his constitutional rights. Defendants Hoyle and Nishiyama seek dismissal of the first three claims in the amended complaint for failure to state a claim. The Court GRANTS dismissal of the first three claims with prejudice.

**PROCEDURAL HISTORY**

Parker filed his original complaint on October 15, 2008, and alleged four causes of action based on 42 U.S.C. § 1983: (1) illegal interrogation in violation of the Sixth and Fourteenth Amendments; (2) denial of counsel in violation of the Sixth and Fourteenth Amendments; (3) conspiracy; (4) and failure to train and supervise. All original defendants moved to dismiss the complaint. The Court granted dismissal on April 16, 2009, of the first

three claims with leave to amend, and the fourth claim with prejudice. The Court instructed Parker to provide some detail in his amended complaint about how he suffered prejudice in his criminal proceedings.

Parker filed his amended complaint on May 15, 2009. The amended complaint alleges the same three causes of action as alleged in the original complaint against original defendants Hoyle and Nishiyama. The amended complaint also alleges a fourth cause of action for failure to train and supervise against new defendants the City of Ukiah, the Ukiah Police Department, Officer John Williams, and Special Agent John Gaines. Parker alleges the California Bureau of Narcotics Enforcement and the Ukiah Police Department have a pattern and practice of interrogating suspects without informed consent or attorneys present. First Amended Complaint, filed on 5/15/2009 (hereinafter "FAC") ¶¶ 39-40. Defendants Gaines and Williams, as supervisors, are alleged to have failed to establish procedures to ensure that arrestees are not stripped of their constitutional rights. Id. ¶¶ 41-45. Parker has not served the new defendants.

Defendants Hoyle and Nishiyama again seek dismissal of the first three claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

## BACKGROUND

Plaintiff Memo Parker (hereinafter "Parker") is a commercial marijuana farmer in Mendocino County. FAC ¶ 24. In Fall 2006, Parker was arrested on drug charges after police raided Parker's farm and seized large quantities of marijuana. FAC ¶ 21. Parker was charged with unlawful cultivation of marijuana and possession of marijuana for sale in criminal matter numbered SCUK-CRCB-06-73953 (hereinafter "pending 2006 criminal matter"). Id. ¶¶ 20-21. Parker was tried by a jury in Summer 2007. Id. ¶ 22. During the trial, Parker raised a medical marijuana defense. Id. Parker's criminal prosecution resulted in a mistrial for failure to reach a unanimous verdict. Id. The matter was reset for a second trial. Id. The charges were still pending in February 2008, when police returned to Parker's farm and found a large amount of marijuana. Id. ¶¶ 22-24. Parker was again arrested in the course of this separate investigation, and was subsequently charged in

criminal matter numbered MCUK-CRC-08-82827 (hereinafter "underlying 2008 criminal matter"). Id. ¶¶ 15-16.  After the arrest, Defendants Hoyle and Nishiyama interrogated Parker. Id. ¶¶ 17, 19.  Parker asked to speak to his attorney prior to answering any questions, but Defendants refused and continued their interrogation of Parker. Id. ¶¶ 19-20.

During the interrogation, the officers asked Parker questions about the pending 2006 criminal matter even though they knew that Parker was represented by an attorney in that action. Id. ¶¶ 19-21, 34.  Parker admitted elements of the pending 2006 charges and disclosed evidence sufficient to defeat his medical marijuana defense. Id. ¶¶ 24, 33.  The facts of the interrogation were included in a Mendocino Major Crimes Task Force report, which defendant Hoyle prepared and communicated to the Mendocino County District Attorney. Id. ¶ 26.  A portion of the interrogation was recorded on an audio disc and was submitted to the Mendocino County District Attorney. Id. ¶ 27.  Parker received a copy of the audio disc from the Mendocino County District Attorney. Id. ¶ 28.

The charges in the underlying 2008 criminal matter were ultimately dismissed in April 2008. Id. ¶ 18.  As to the pending 2006 matter, Parker plead no contest to a single offense, conspiracy to commit an act injurious to the public health under California Penal Code § 182(a)(5).

## DISCUSSION

I.    Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-200 (9th Cir. 2003).  Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  "[D]etailed factual allegations" are not required, but the Rule does call for sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007)).  According to the Supreme Court, "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

3

inference that the defendant is liable for the misconduct alleged." Id. at 1949-50. In determining facial plausibility, mere conclusions of law are not entitled to the assumption of truth. Id. Additionally, whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.

## II.	Sixth Amendment Claim

Parker's first and second claims allege that Defendants violated his Sixth Amendment rights by conducting an illegal interrogation outside the presence of counsel. The Sixth Amendment right to counsel is offense-specific and does not attach until after the initiation of adversary judicial criminal proceedings – whether by way of formal charge, preliminary hearing, indictment, information, or arraignment. Texas v. Cobb, 532 U.S. 162, 167-68 (2001). At the time Defendants Hoyle and Nishiyama interrogated Parker, Parker alleges that adversary judicial proceedings had not yet been initiated in relation to the underlying 2008 criminal matter, so his Sixth Amendment rights had not yet attached in that proceeding. Id.   Instead, Parker alleges his Sixth Amendment rights were violated in relation to the pending 2006 criminal matter, in which his constitutional rights had already attached. However, in order to maintain a § 1983 action based on a violation of such rights Parker must allege some form of prejudice. See Weatherford v. Bursey, 429 U.S. 545 (1977). He has failed to do so. In Weatherford, an undercover agent attended two pretrial meetings with a criminal defendant, and his attorney, where the parties discussed trial strategy. Id. at 548-49. The criminal defendant was ultimately convicted and brought a § 1983 action alleging that the agent's presence at the meetings deprived him of his Sixth Amendment rights. Id. The Supreme Court held that the plaintiff failed to plead facts necessary for a § 1983 claim because he suffered no prejudice at trial. Id. at 558. The undercover agent did not discuss what he learned at the meetings with his superiors or the prosecution and nothing overheard in the conversations had "been used in any other way to the substantial detriment" of the plaintiff at trial. Id. at 554. The Supreme Court reasoned that since there was no tainted evidence in the case, the agent's presence at the meetings "posed no substantial threat" to the

4

plaintiff's Sixth Amendment rights. Id. at 556. Accordingly, plaintiff's civil rights claim "fell short." Id. at 558.

Here, Parker entered a plea agreement in connection with the pending 2006 criminal matter, and he has not made any allegations of how he suffered prejudice on account of questioning by Defendants Hoyle and Nishiyama. To survive a motion to dismiss, Parker must allege facts sufficient to constitute a facially plausible claim for relief, rather than state mere conclusions of law. In this new complaint, Parker alleges that he admitted elements of the pending 2006 charges and made statements countering his medical marijuana defense in the pending 2006 matter. While these new allegations do provide additional detail regarding the information plaintiff disclosed, Parker fails to allege how any of these statements were introduced against him in any way to his prejudice. Parker simply makes the conclusory allegation that he "suffered prejudice or substantial detriment in the pending [2006] criminal matter," without stating facts to support this contention. FAC at ¶ 32.

In Plaintiff's Opposition to Defendants' Second Motion to Dismiss Parker sets forth arguments as to how he suffered prejudice in the pending 2006 criminal matter. In particular, he argues that the violation of his Sixth Amendment rights "painted [him] into a corner, effectively forcing him to settle his case by pleading guilty," else he would risk losing the benefit of the deal offered to him by the prosecution. Plaintiff's Opp. at 15. First, these allegations were not in the complaint itself, and hence cannot shield the complaint from a 12(b)(6) dismissal. Second, even if they were, they would be insufficient. Parker was represented by counsel in the 2006 pending matter, and surely was advised that any evidence gleaned from such an unconstitutional interview would be subject to a suppression motion and could not be used at trial. Parker had nothing to fear at trial from any evidence revealed in the interrogation, and hence it could not reasonably pressure him into accepting an otherwise unacceptable plea.

Because Parker's first amended complaint does not proffer enough facts to state a claim for relief that is plausible on its face, Parker's complaint cannot survive a motion to dismiss. Accordingly, his Sixth Amendment claims are DISMISSED with prejudice.

5

### III. Fourteenth Amendment Claims

Parker's complaint states that he was interrogated "in a coercive environment in which Defendants were armed with lethal weapons, while Defendant was handcuffed and arrested under a threat of lethal force." FAC at ¶ 49. These allegations are identical to those in Parker's original complaint. "[D]eprivations of liberty caused by 'the most egregious official conduct' may violate the Due Process Clause." Chavez v. Martinez, 538 U.S. 760, 774 (2003) (internal citation omitted). The Supreme Court has "left open the possibility that unauthorized police behavior . . . might 'shock the conscience' and give rise to § 1983 liability." Id. Conduct that "shocks the conscience" is "conduct intended to injure in some way unjustifiable by any government interest." County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998) (holding no due process claim where officer's deliberate indifference during a high-speed chase caused the death of a motorcyclist).

Parker's allegations plainly fail to state a claim under the Supreme Court's narrow application of the Fourteenth Amendment to section 1983 claims. The mere statement that he was interrogated in "a coercive environment" by officers "armed with lethal weapons" does not suggest that Defendants deviated in any way from the standard practice of questioning arrestees. This is not conduct that is so egregious or "shocks the conscience" so as to state a due process claim. Id. at 774. Thus, Parker's Fourteenth Amendment claim is DISMISSED with prejudice.

### IV. Conspiracy Claim

Parker suggests that Defendants engaged in a conspiracy to deny him his civil rights. In a civil rights conspiracy case, a plaintiff must allege both a conspiracy and an actual deprivation of rights. Scott v. Henrich, 39 F.3d 912, 916 (9th Cir. 1994). As Parker has failed to state a claim under § 1983, his conspiracy claim must also fail. "While conspiracies may be actionable under section 1983, it is necessary that there have been . . . an actual deprivation of a right secured by the Constitution and laws." Landrigan v. City of Warwick, 628 F.2d 736, 742 (1st Cir. 1980). Accordingly, the conspiracy claim is DISMISSED with prejudice.

**CONCLUSION**

Based on the foregoing, the Court GRANTS dismissal of the first three claims with prejudice.

**IT IS SO ORDERED.**



Dated: September 29, 2009

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE